THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

|  |  |
|---|---|
| KAREN LECKIE <br> 509 N. Howard St, Apt. 204 <br> Alexandria, VA 22304 <br>                 Plaintiff, <br>                 v. <br><br> MONTGOMERY COUNTY PUBLIC SCHOOLS, <br> 850 Hungerford Drive <br> Rockville, MD 20850 <br><br>               Defendants | Civil Action No |

## COMPLAINT

Plaintiff Karen Leckie ("Plaintiff" or "Ms. Leckie") through her attorneys, Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to the Montgomery County Public Schools ("Defendant" or "MCPS") unlawful discrimination, failure to accommodate, and retaliation against Ms. Leckie protected activity the Rehabilitation Act of 1973, 29 U.S.C § 701, *et seq.* ("Rehab Act")

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

3. This Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and Plaintiff seeks redress for violations of civil rights.

4. This court has personal jurisdiction in this matter as Defendant School District is

located within Maryland.

5. Venue is proper pursuant to the provisions of 28 U.S.C. § 1132(e)(2) in the Greenbelt Division of the Maryland District Court, because the events giving rise to all claims occurred in Montgomery County Maryland, where Defendant School District is located.

## ADMINISTRATIVE EXHAUSTION

6. On September 26, 2017, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission alleging a violation of the Rehab Act.

7. On November 4, 2022, the EEOC issued a right to sue notice.

## PARTIES

8. Plaintiff is domiciled in Alexandria, Virginia.

9. Plaintiff was an employee of the Defendant, within the meaning of the Rehab Act.

10. Defendant Montgomery County Public Schools is a school district governed by the Montgomery County Board of Education, located in Montgomery County, Maryland.

11. Defendant is an "employer" within the meaning of the Rehab Act.

## FACTS

12. All of the allegations contained in Paragraphs 1-11 of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff suffers from post-traumatic stress disorder ("PTSD") that requires her to seek continuing care by a health care provider.

14. Plaintiff's PTSD substantially impairs one or more of her major life activities.

15. Plaintiff's PTSD is a disability under the Rehab Act.

16. Plaintiff is a qualified individual with a disability within the meaning of the Rehab Act.

17. On or about August 22, 2011, Defendant hired Ms. Leckie as a Reading Specialist.

18. Ms. Leckie's immediate supervisors, school principals, and the disability coordinator were knowledgeable of Ms. Leckie's disability.

19. Defendant agreed to provide Plaintiff with certain accommodations for her PTSD, in particular time off for doctor's appointments.

20. Supervisors and other employees of Defendant, including but not limited to Karen Carisio, Sandra Reece, Heather Dublinski, and Matt Devan, discriminated against and harassed Ms. Leckie due to her disability, criticizing her need for leave an often denying requested time off.

21. At the beginning of the 2016-2017 school year, Karen Carisio required Ms. Leckie to wear a walkie-talkie in violation of her accommodations, which triggered her PTSD.

22. Karen Carisio and Sandra Reece, among others, expressed that individuals with disabilities should not be allowed to work in schools.

23. Beginning on or around September 27, 2016, Ms. Leckie was forced to apply for long-term leave due to her disability.

24. The Montgomery County Public Schools Disability Coordinator advised Ms. Leckie to seek a position in 2017, because it would be easier to place her at that time.

25. Plaintiff sought employment at the start of 2017, but the disability coordinator was unable to place her in a safe environment at that time.

26. The disability coordinator recommended Plaintiff seek a position prior to the 2017-2018 school year.

27. On or around January 5, 2017, Ms. Leckie's request for sick leave bank time was approved for the period from November 28, 2016 through January 13, 2017.

28. On January 11, 2017, the Sick Leave Bank Committee sent a letter to Ms. Leckie advising her that she would not receive any further compensation until she had applied for disability retirement.

29. Ms. Leckie's claim for disability retirement was not considered due to a missing physician statement.

30. On February 22, 2017, Ms. Leckie received a letter from the Sick Leave Bank Committee that they were unable to grant her request for further compensation.

31. In May 2017, Ms. Leckie emailed the Disability Coordinator about returning to work.

32. Ms. Leckie did not receive a response about returning to work.

33. Ms. Leckie continued to request placement in a school with her approved accommodations.

34. The disability coordinator told Ms. Leckie that she could not place Ms. Leckie somewhere safe for her.

35. Ms. Leckie was on unpaid leave from March 2017 through October 2017.

36. Ms. Leckie was assigned a position in October 2017 once Ms. Leckie's union intervened.

37. Ms. Leckie continued to experience harassment from her supervisors, including Matt Devan, once returning from leave.

38. Matt Devan targeted Ms. Leckie and other disabled employees by increasing oversight of only disabled employees.

39. Matt Devan would harass Ms. Leckie repeatedly over minor issues, including the number of posters in her room.

40. On August 24, 2021, Ms. Leckie was constructively discharged from her position with Montgomery County Public Schools when she was forced to retire due to the harassment from Defendant.

### **COUNT I – REHAB ACT – HOSTILE WORK ENVIRONMENT**

41. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42. Plaintiff has a serious medical condition that substantially impairs one or more major life activities.

43. Defendant was aware of Plaintiff's disability.

44. Defendant's agents, including but not limited to Karen Carisio, Sandra Reese, Heather Dublinski, and Matt Devan harassed Plaintiff due to her disability.

45. The harassment was severe and pervasive.

46. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for which she should be compensated.

### **COUNT II – REHAB ACT – CONSTRUCTIVE DISCAHARGE**

47. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

48. Plaintiff has a serious medical condition that substantially impairs one or more major life activities.

49. Defendant was aware of Plaintiff's disability.

50. Defendant constructively discharged Plaintiff when Plaintiff was forced to retire in August 2021 based on Defendant's discrimination and resulting hostile work environment.

51. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for which she should be compensated.

### COUNT III – REHAB ACT – FAILURE TO ACCOMMODATE

52. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

53. Plaintiff is a qualified individual with a disability within the meaning of the Rehab Act.

54. Defendant knew of Plaintiff's limitations associated with her disability.

55. Plaintiff requested a reasonable accommodation allowing her to limit startling noises from her walkie-talkie.

56. Defendant failed to provide Plaintiff a reasonable accommodation, triggering her PTSD.

57. Plaintiff requested a placement with these reasonable accommodations beginning in January 2017 and again in May 2017.

58. Defendant did not offer Plaintiff a placement with reasonable accommodations, requiring her to remain on unpaid leave.

59. Defendant failed to offer Plaintiff a reasonable accommodation in violation of the Rehab Act.

## COUNT IV – REHAB ACT – RETALIATION

60. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

61. On September 27, 2016, Plaintiff engaged in protected activity when she was placed on long term leave.

62. While Plaintiff was on leave, Plaintiff made numerous requests to return to work with a reasonable accommodation, each of which constituted protected activity.

63. Defendant failed to place Plaintiff in a new position until October 2017.

64. From Plaintiff's placement in October 2017 to her retirement in August 2021, Defendant's agents harassed Ms. Leckie due to her disability.

65. Plaintiff was constructively discharged when she was forced to retire in August 2021.

66. Defendant's conduct thus violated the Rehab Act.

67. Defendant violated the Rehab Act willfully.

68. Defendant knew its actions constituted unlawful discrimination on the basis of retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

69. As the direct and proximate result of Defendant's unlawful conduct Plaintiff has suffered pecuniary losses, lost earning potential, unwillingly forfeited economic opportunities, emotional pain and suffering, embarrassment, inconvenience, and a reduction in value both emotionally and professionally.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court grant the following relief:

A.  Entry of judgment in favor of Plaintiff against Defendant;

B.  Back pay;

C. Compensatory damages pursuant to the Rehab Act;

D. Punitive damages;

E. Pre- and post-judgment interest as may be allowed by law;

F. Attorney's fees and costs; and

G. All other equitable and legal relief to which Plaintiff is entitled.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: February 2, 2023

Respectfully submitted,

/s/ Denise M. Clark
Denise M. Clark, Esq. (17385)
Clark Law Group, PLLC
1100 Connecticut Ave., N.W., Suite 920
Washington, D.C. 20036
Ph. (202) 293-0015
dmclark@benefitcounsel.com